UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNATHAN WILLIFORD                                                           CIVIL ACTION

VERSUS

UNKNOWN STOTT, ET AL.                                                    NO. 23-00422-JWD-SDJ

### RULING AND ORDER

On June 1, 2023, Plaintiff initiated this action, proceeding *pro se*.[1] Shortly thereafter, the Court issued a Ruling and Order dismissing Plaintiff's action, without prejudice, for failure to pay the filing fee to proceed *in forma pauperis* pursuant to 28 U.S.C.§1915(a)(1).[2] Now Plaintiff moves for reconsideration, contending that he paid the filing the fee, but the fees were "submitted to the wrong case number."[3] He argues that the applicable filing fees were paid timely on September 7, 2023, via money order number #19522301980, and that this Court was the payee.[4] For the reasons herein, Plaintiff's Motion will be denied.

The Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration.[5] "Any motion termed as such will be treated as either a motion for relief from judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)."[6] "If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being

---

[1] R. Doc. 1.
[2] R. Docs. 3 & 4.
[3] R. Doc. 6.
[4] R. Doc. 6.
[5] *Adams v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the U.S. and Can., AFL-CIO, Local 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020).
[6] *See Black v. Morant,* No. 13-00019-BAJ-RLB 2015, WL 176625 at *2 (M.D. La. Jan. 13, 2015) (quoting *Harrington v. Runyon*, 98 F.3d 1337, 1337 (5th Cir.1996)).

challenged, it will be treated as a 59(e) motion; if it is filed after twenty-eight days, it will be treated as a 60(b) motion."[7] The instant Motion was filed after twenty-eight days, so Rule 60(b) provides the applicable standard.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[8] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[9] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). In its previously issued Order dismissing Plaintiff's action, the Court instructed Plaintiff to "either submit the filing fee or motion to proceed *in forma pauperis*" on or before September 28, 2023.[10] When Plaintiff failed to do so, the case was dismissed. Plaintiff has submitted to the Court a receipt detailing a money order in the amount of five dollars, dated

---

[7] *See Black v. Morant* 2015 WL 176625 at *2 (quoting *Turner v. Chase,* No. 08–4951, 2010 WL 2545277, at *2) (E.D. La. June 16, 2010)) (internal quotation marks and edits omitted).
[8] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[9] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[10] R. Doc. 2.

September 7, 2023 in an attempt to have this case reopened.[11] However, Plaintiff's receipt indicates that he paid a filing fee in the matter of *Williford v. Abels*, No. 23-320-JWD-SDJ, and not this case.[12] Accordingly,

      **IT IS ORDERED** that Plaintiff's Motion to Reconsider[13] be and is hereby **DENIED.**

      **IT IS FURTHER ORDERED** that the Motion to Appoint Counsel[14] is **DENIED** as this case is closed.

      Signed in Baton Rouge, Louisiana, on June 7, 2024.

                                                     **JUDGE JOHN W. deGRAVELLES**
                                                   **UNITED STATES DISTRICT COURT**
                                                   **MIDDLE DISTRICT OF LOUISIANA**

---

[11] R. Doc. 6, p. 2.
[12] R. Doc. 6, p. 2. Though Plaintiff argues the fee was applied to the wrong case, it is clear that the fee was not intended for this case, of the numerous cases Plaintiff had pending at the time, because the payment was received the same day the letter was mailed to Plaintiff informing him he needed to pay the fee or file to proceed as a pauper. Further, the Clerk's Office located the money order referred to by Plaintiff, and Plaintiff noted on that money order that it was intended to pay the fee in Civil Action No. 23-484, not this case. So though the payment was applied to the incorrect case, it was never intended to be applied to this case.
[13] R. Doc. 6.
[14] R. Doc. 7.